UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES "JIMMY" EMMETT EDWARDS                                                PLAINTIFF

V.                                           CIVIL ACTION NO. 1:22-CV-145-KHJ-MTP

GUARDIAN LIFE INSURANCE OF AMERICA                                          DEFENDANT

ORDER

Before the Court is Plaintiff Jimmy Edwards's [37] Motion to Appeal the Magistrate Judge's [36] Case Management Order. For the reasons below, the Court denies Edwards's motion and upholds Magistrate Judge Michael T. Parker's Case Management Order.

I.  Background

This case arises from a dispute over a life insurance policy. *See* Compl. [1]. Until her death, Mrs. Edwards owned and operated Allure Salon in Starkville, Mississippi. Edwards Aff. [17-1] at 1. Mrs. Edwards worked with other beauty technicians, but the parties disputed whether they were employees or independent contractors. *E.g.*, Def.'s Mem. Supp. Mot. Summ. J. [13] at 1; Pl.'s Mem. Opp'n Mot. Summ. J. [18] at 3. The Court's [34] Order Granting Partial Summary Judgment resolved this dispute and held that the insurance policy was an ERISA-governed employee benefit plan. *See id.* at 16 ("The circumstances show that the Guardian-issued life insurance policy is an ERISA plan."). In effect, the Court recognized the technicians as employees instead of independent contractors.

Following the Court's [34] Order, the parties participated in a case management conference. *See* Initial Order [35]. And on September 8, 2023, the Magistrate Judge issued a [36] Case Management Order setting out the deadlines for the case. Edwards appeals the Case Management Order because it limits discovery to the administrative record absent further order of the Court. [37] at 1.

II.   Standard

The Court will uphold a magistrate judge's non-dispositive order unless it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also Moore v. Ford Motor Co.*, 755 F.3d 802, 806 (5th Cir. 2014) ("A magistrate judge's non-dispositive order may only be set aside if it 'is clearly erroneous or contrary to law.'" (quoting FED. R. CIV. P. 72(a))); L.U.CIV.R. 72(a)(1)(B) ("No ruling of a magistrate judge . . . will be . . . modified on appeal unless . . . the magistrate judge's ruling is clearly erroneous or contrary to law.").

A factual finding is "clearly erroneous" when the reviewing court "on the entire evidence . . . is left with a definite and firm conviction that a mistake has been committed." *Huddleston v. Cooper Tire & Rubber Co.*, No. 1:22-CV-48, 2023 WL 4824925, at *1 (N.D. Miss. July 27, 2023) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). In making this determination, "the district court is not permitted to receive further evidence; [rather,] it is bound by the clearly erroneous rule in reviewing questions of fact." *Moore*, 755 F.3d at 808 n.15.

III.  Analysis

At the start, the Court recognizes Edwards's attempt to use this appeal to request reconsideration of the Court's prior Order. *See* [37] at 2 (arguing the Court can revise its previous ruling that "held . . . the workers at the Allure Salon were employees" for ERISA purposes); Order [34] (granting partial summary judgment and denying discovery requests). The Court declines to entertain that attempt.

Edwards had 28 days from the Court's Order to move to alter or amend the judgment. *See Davenport v. HansaWorld USA, Inc.*, 23 F. Supp. 3d 679, 703 (S.D. Miss. 2014) (recognizing the Rules "do not explicitly recognize a motion for reconsideration," but courts "consider such motions under [Rule] 59(e) (motion to alter or amend a judgment), when they are filed within [28 days]"). Edwards did not file a Rule 59(e) motion within 28 days, so the Court considers only Edwards's appeal of the Magistrate Judge's Case Management Order.

Edwards appeals the following portion of the Magistrate Judge's Case Management Order:

> DISCOVERY/OTHER MOTIONS: As this is an ERISA matter and such matters are generally decided based on the administrative record, no discovery is permitted absent further order of the court. Should either party determine that any discovery is necessary or appropriate, a motion and brief requesting same shall be filed. The deadline for filing such motions and for all other motions (except dispositive motions as noted above) is November 1, 2023.

[36].

Edwards has not been denied a specific discovery request. Rather, he appeals the Case Management Order because it "disallow[s] discovery, except when

3

[Edwards] petitions the Court on each specific issue he might seek discovery." [37] at 3. But this is an ERISA matter, and a court reviewing an ERISA matter is generally "limited to considering the evidence within the administrative record." *Green v. Life Ins. of N. Am.*, No. 1:11-CV-228, 2012 WL 12863147, at *3 (S.D. Miss. Dec. 5, 2012) (collecting cases), *aff'd sub nom. Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324 (5th Cir. 2014).

In short, the Magistrate Judge's Case Management Order reiterates the Court's finding that ERISA applies, *see* [34], along with the general principle of limiting discovery to the administrative record in ERISA matters. The Case Management Order also allows Edwards to seek more discovery items with the Court's permission.[1] Based on those considerations, the Court cannot say the Magistrate Judge's Case Management Order is clearly erroneous or contrary to law.

IV.   Conclusion

The Court has considered all arguments. Those not addressed would not have changed the outcome. For the stated reasons, the Court DENIES Edwards's [37] Motion to Appeal and upholds Magistrate Judge Michael T. Parker's [36] Case Management Order.

SO ORDERED, this 26th day of October, 2023.

s/ <i>Kristi H. Johnson</i><br>UNITED STATES DISTRICT JUDGE

---

[1] The Court reiterates that Edwards has not filed a motion requesting specific items of discovery; the Court has not had an opportunity to grant or deny a request.