IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JAMES "JIMMY" EMMETT EDWARDS            PLAINTIFF

v.            CIVIL ACTION NO. 1:22-cv-145-KHJ-MTP

GUARDIAN LIFE INSURANCE OF AMERICA            DEFENDANT

**ORDER**

THIS MATTER is before the Court on Plaintiff's Motion for Specific Discovery [45]. Having considered the Motion [45], the Court finds that it should be GRANTED in part and DENIED in part.

**BACKGROUND**

This action arises from a dispute over a life insurance policy. In December of 2007, Pam Edwards procured, through an agent, a group life insurance policy issued by Defendant. Mrs. Edwards listed the plan-holder as Allure Salon, which she owned and where she worked with other beauty technicians.

Mrs. Edwards was diagnosed with cancer in 2019 and died in 2022. Following Mrs. Edwards's death, the agent, Debbie Jaudon, contacted Defendant to make a claim, but Defendant told Jaudon it had canceled the policy. Defendant provided copies of two letters: a pre-notification letter dated October 28, 2021, notifying Mrs. Edwards that Defendant had to cancel her coverage because Allure Salon had fallen below the required participation level (only one person, Mrs. Edwards, remained insured) and a letter dated January 15, 2022, notifying her that Defendant canceled the coverage effective January 15, 2022.

On October 2, 2022, Plaintiff—Mrs. Edwards's husband—filed this action, asserting that Defendant failed to provide any notice of cancellation prior to his wife's death. Plaintiff alleges

1

that Defendant's letters dated October 28, 2021, and January 15, 2022, were fabricated and that Defendant acted in bad faith by not disclosing the alleged reasons for canceling the policy until after Mrs. Edwards's death.

On December 22, 2022, Defendant filed a Motion for Partial Summary Judgment [12] arguing that the Employee Retirement Income Security Act of 1974 ("ERISA") governs this action and preempts any state-law claims. Plaintiff opposed the Motion [12]. The crux of this issue was the parties' dispute over whether the other beauty technicians working with Mrs. Edwards at Allure Salon were employees or independent contractors. The Court found that the technicians were employees and the insurance policy was an ERISA-governed employee benefit plan. *See* Order [34].

On September 8, 2023, the Court entered a Case Management Order [36] specially tailored for ERISA matters, which provides:

> As this is an ERISA matter and such matters are generally decided based on the administrative record, no discovery is permitted absent further order of the court. Should either party determine that any discovery is necessary or appropriate, a motion and brief requesting same shall be filed.

*See* Order [36].

On October 31, 2023, Plaintiff filed the instant Motion [45] seeking specific discovery. Defendant opposes the Motion [45]. *See* Response [46].

**ANALYSIS**

In his Motion [45], Plaintiff seeks leave to conduct the following discovery: (1) propound written discovery requesting the name and address of the individual who reviewed records to determine that only one person was insured; (2) propound written discovery requesting any records indicating that such review was made; (3) depose the individual who reviewed records to determine that only one person was insured; (4) depose the beauty technicians who worked at

Allure Salon; and (5) depose three of Defendant's employees: Melanie Wiltrout, Joseph Waterman, and Rebecca Jansen.

***Depositions of the Beauty Technicians***

According to Plaintiff, the depositions of the beauty technicians are necessary to determine whether they were employees or independent contractors and whether the subject insurance policy is an ERISA-governed employee benefit plan. The Court, however, has previously denied this discovery request and made these very determinations.

After Defendant filed its Motion for Partial Summary Judgment [12] concerning the applicability of ERISA, Plaintiff filed a Motion [30] seeking to depose the beauty technicians. In its Order [34] granting the Motion for Partial Summary Judgement, the Court also considered Plaintiff's request for discovery, holding: "Edwards believes the Court needs the depositions of Allure's technicians to determine whether they are independent contractors or employees. But the facts establishing that they were employees come from Edwards's own Affidavit and Allure's publicly available website. For those reasons, the Court also denies Edwards's [30] Motion to Take Depositions." *See* Order [34] (citation omitted). Because the technicians were employees, the Court held that the insurance policy was an ERISA-governed employee benefit plan.

The Court addressed this discovery issue a second time in its Order [44] denying Plaintiff's Appeal of the Case Management Order [37]. The Court held: "At the start, the Court recognizes Edwards's attempt to use this appeal to request reconsideration of the Court's prior Order. *See* [37] at 2 (arguing the Court can revise its previous ruling that 'held . . . the workers at the Allure Salon were employees' for ERISA purposes); Order [34] (granting partial summary

3

judgement and denying discovery requests). The Court declines to entertain that attempt." *See* Order [44].

The issue of whether this action is governed by ERISA has been decided by the Court. Discovery on this issue is unnecessary. Accordingly, the Court denies Plaintiff's request for leave to depose the beauty technicians.

***Other Discovery***

Plaintiff also seeks to propound written discovery concerning Defendant's review of records which led to the determination that Allure Salon had fallen below the required participation level and the individual who conducted the review. Additionally, Plaintiff seeks to depose this individual, along with three others: Melanie Wiltrout, Joseph Waterman, and Rebecca Jansen.

Discovery is normally broad and allows for "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery requests may seek admissible evidence or information "reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004). In an ERISA case, however, discovery has limitations.

The evidence properly considered in an ERISA case is generally limited to the administrative record. The Fifth Circuit has held that in ERISA cases, evidence may not be admitted "to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures." *Crosby v. La. Health Serv. and Indem. Co.*, 647 F.3d 258, 263 (5th Cir. 2011). This restriction, however, has certain limited exceptions.

Discovery may be allowed to determine: (1) the completeness of the administrative record; (2) whether the plan administrator complied with ERISA's procedural regulations; and (3) the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan. *Id*. at 263.

Plaintiff neither mentions these exceptions nor cites *Crosby*. But, Plaintiff asserts that no review of records occurred and no notice of cancellation was sent prior to Mrs. Edwards's death. To support these assertions, Plaintiff points to the agent's testimony that she did not receive a notice of cancellation before Mrs. Edwards's death. Plaintiff also notes that the administrative record "does not identify who made the review, nor does it contain any record of such review." According to Plaintiff, discovery is needed to determine whether the subject policy was actually canceled prior to Mrs. Edwards's death.

Plaintiff's assertions call into question Defendant's compliance with ERISA's procedural regulations—one of the exceptions listed in *Crosby*. Thus, it appears that some discovery may be permissible. The inquiry, however, does not end there.

The Fifth Circuit cautioned that where discovery is allowed in ERISA cases, courts must "monitor discovery closely," "be mindful of the limitations placed on the frequency and extent of discovery under the federal rules," and "guard against abusive discovery." *Id*. at 264. Courts should be mindful not to "undermine ERISA's goal of resolving claims efficiently and inexpensively." *Id*. "ERISA favors quicker resolutions and limited discovery." *Koehler v. Aetna Health Inc.*, 915 F. Supp. 2d 789, 798-99 (N.D. Tex. 2013).

Courts are particularly cautious about allowing depositions. "As a general rule, unless very specific circumstances are set forth by a claimant which show that certain information involving one of the three areas of appropriate discovery can only be discovered via a deposition,

5

then depositions will not be approved in ERISA cases by the undersigned. This is the standing practice in ERISA cases." *Crawford v. Hartford Life and Acc. Ins. Co.*, 2011 WL 5237826, at *2 (S.D. Miss. Nov. 1, 2011).

Plaintiff has not shown that depositions are needed here. He seeks to depose the individual who allegedly reviewed records to determine that only one person was insured in order to determine whether the review occurred prior to Mrs. Edwards's death. He seeks to depose Melanie Wiltrout, Joseph Waterman, and Rebecca Jansen in order to "explore the blanket assertions" made in their declarations submitted in support of Defendant's Motion for Partial Summary Judgment [12]. Plaintiff, however, provides no reason why the desired information can only be discovered via depositions.

Plaintiff wishes to explore two issues: (1) whether a review of records occurred prior to Mrs. Edwards's death and (2) whether a notice of cancellation was sent prior to Mrs. Edwards's death. Information regarding these issues could just as effectively be provided in response to written discovery. Narrowly-tailored written discovery should obviate the need for expensive depositions. "In other words, given the limited extent of discovery in ERISA cases, there are other, less intrusive methods through which plaintiff[] may obtain the information that [he] need[s]." *DaVita, Inc. v. Scot Indus., Inc.*, 2018 WL 11443618, at *5 (E.D. Tex. Dec. 3, 2018).

Plaintiff shall be allowed to propound written discovery requests relating to (1) whether a review of records occurred prior to Mrs. Edwards's death and (2) whether a notice of cancellation was sent prior to Mrs. Edwards's death. Specifically, Plaintiff may propound up to 5 succinct interrogatories to request this information. Plaintiff must limit these requests to information which directly addresses the two issues identified above.

IT IS, THEREFORE, ORDERED that:

1. Plaintiff's Motion for Specific Discovery [45] is GRANTED in part and DENIED in part as set forth herein;

2. The discovery allowed herein shall be completed by February 2, 2024; and

3. The dispositive motions deadline is extended to February 16, 2024.

SO ORDERED this the 4th day of December, 2024.

                                            s/Michael T. Parker
                                            UNITED STATES MAGISTRATE JUDGE